## Parker, Appellant, *v.* Ransley.

*Foreign attachment—Service of writ—Possession by sheriff—Warehouse charges—Liability for.*

A storage company cannot recover from the sheriff a charge for the storage of goods, which the sheriff attempted to seize in execution of a writ of foreign attachment, where the plaintiff never admitted that it had the goods in question, never permitted the sheriff to make a lawful seizure, and where there was no evidence that the property was ever taken possession of. In such case, the fact that the sheriff made a general return of the writ cannot be held to bind him for custody of the goods, existence of which the storage company refused to disclose.

Argued October 18, 1923. Appeal, No. 136, Oct. T., 1923, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1921, No. 8028, on verdict for defendant in the case of Ernest Lee Parker, Executor of the Estate of Gilbert L. Parker, deceased (Gilbert S. Parker, also an Executor, having lately deceased), trading and doing business under the name of The Northwest Storage and Trust Company, v. Harry C. Ransley. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for warehouse charges. Before SHOE-MAKER, P. J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict for defendant, and judgment was entered thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence, charge of the court, answer to points, and refusal of plaintiff's motion for judgment non obstante veredicto.

*L. W. Baxter,* for appellant.—The official return of the sheriff having been received in evidence, and the facts

therein having been admitted as correct, it was error to receive the testimony of the deputy, in contradiction of the return: Jaffray's App., 101 Pa. 583; Paxton v. Steckel, 2 Pa. 93; Reece v. Rodgers, 40 Pa. Superior Ct. 171; Welsh v. Bell, 32 Pa. 12; Garrett v. Turner, 47 Pa. Superior Ct. 128; Miller Paper Co. v. Keystone C. & C. Co., 267 Pa. 180; Corpus Juris, Vol. 21, page 1063; Holly v. Travis, 267 Pa. 136.

*George S. Russel,* for appellee.—There was no evidence that the sheriff ever took possession of the goods, or knew of, or had anything to do with the seizure or care or custody of the goods, and he cannot be held liable for the storage: Munis v. Oliver, 24 Pa. Superior Ct. 64.

OPINION BY HENDERSON, J., February 29, 1924:
The plaintiff's action is against a former sheriff to recover the amount of a bill for storage of household goods and other chattels after, as is alleged in the statement of claim, they had been made the subject of a foreign attachment brought by a creditor of the owner. To the statement of claim is attached an exhibit setting forth the various articles of household furnishing which were in the custody of the storage company for safe keeping and which, as it is claimed, were seized by the sheriff in the execution of the writ of foreign attachment, but were not taken possession of and removed from the warehouse, as a consequence of which they had remained in storage for more than four years when the attachment proceeding was discontinued or dismissed. The plaintiff relied on the return of the sheriff to the foreign attachment and to the admission of the defendant's counsel that the debtor's property was in the warehouse at the time the attachment came into the hands of the sheriff as set forth in the attached exhibit, as a basis for his demand on the late sheriff for compensation. The defense was that the sheriff never seized the goods; that when his deputy went to the warehouse for the purpose of serving

the writ, the only person found on the premises was a
man who refused to give his name or to state his con-
nection with the business and who on inquiry refused to
inform the officer after the latter stated his business,
whether there was any property of the defendant in the
warehouse or not.   Because of this refusal the officer was
unable to ascertain whether there was any property sub-
ject to the attachment.   He thereupon made the gen-
eral return provided for in the act of assembly.   From
that time until the storage company demanded the
amount of the storage bill, $420.39, the sheriff was not
aware that the defendant in the attachment had any
property in storage.   It is evident that the seizure was
not of the specific property set forth in the statement of
claim.   There is nothing in the case to show that this
property was taken possession of by the sheriff; on the
contrary it may be concluded from the evidence that
neither he nor his deputy knew of its existence.   It is a
case therefore where the chattels on which the attach-
ment was supposed to operate were never in the view or
power of the officer who attempted to serve the writ, and
whatever may be the effect of the return as between the
plaintiff and the sheriff we think it might well be held
that the appellee should not be permitted to assert that
there was a lawful seizure of the property when there
was neither possession nor view by the officer and when
the storageman, whose estate the present plaintiff repre-
sents, obstructed the service of the writ: Morgan v. Wat-
mough, 5th Wharton 127; Penna. R. R. Co. v. Pennock,
51 Pa. 244; Jaffray's App., 101 Pa. 583; Lowry v. Coul-
ter, 9 Pa. 351; Wood v. VanArsdale, 3 Rawle 405.   But
the plaintiff proceeds on the theory of implied assumpsit
by the defendant to pay for the care of the goods after
the service of the writ and the inquiry therefore arises
whether there can be an implied assumpsit without a
knowledge on the part of the defendant of the existence
of the property and without evidence of his intention to
permit the goods to remain in the custody of the storage

company.  Such an implication could not arise unless there was a mutual knowledge of the facts from which it could be fairly inferred that the officer desired the storage company to remain in the custody of the goods until they were disposed of under the attachment.  The court submitted to the jury the inquiry whether the storage company or its representative had denied that there was any property of the defendant in the attachment in storage or had refused to give information as to the presence of such property on the premises or had led the deputy sheriff to believe that there was no property of the defendant in the storage warehouse, with the instruction that if they so found the plaintiff was not entitled to recover against the sheriff in this action.  It is objected by the appellant that this is the admission of parol evidence to impeach the sheriff's return, but we do not so regard it.  The return does not identify the property which the plaintiff says was kept in storage.  The action is based on the assumption that the defendant knowing the property to be there permitted it to remain subject to a reasonable charge for storage.  But if the case were that the agent of the storage company denied that any property was there and refused to give any information to the officer on the subject, we see no foundation for the allegation that the general return of the sheriff on the writ of foreign attachment operated to bind him for the custody of goods, the existence of which the storage company refused to disclose.

The judgment is affirmed.